IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERENCE NEIL SPEARMAN,

Petitioner,

vs.                                                         Case No. 14-cv-066-DRH

DAMON ACUFF,
JEH JOHNSON,
JOHN SANDWEG,
RICARDO A. WONG,
and ERIC HOLDER, JR.,

Respondents.

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Terence Neil Spearman is being held in the Tri-County Justice & Detention Center under a detention order issued by Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security (DHS). By and through counsel, Spearman filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 17, 2014. He challenges his detention and requests an individualized hearing and bond determination by an immigration judge pursuant to 8 U.S.C. § 1226(a).

Petitioner is a 65-year-old native and citizen of Canada, who came to the United States in 1979 for a post-graduate fellowship and has been a lawful permanent resident here since 1984 (Doc. 2, p. 5). In 2001, he pled guilty in Kentucky to two felony sexual abuse charges (involving his then-minor daughter

and another child). He was sentenced to seven years, but was required to serve only six months in jail with the remainder served as probation. He was released from jail in late 2001, and complied with all terms of probation and parole (Doc. 2, p. 6). He has continued to work for the same employer in Kentucky since 1990.

On October 1, 2013, some twelve years after petitioner's release from jail, he was apprehended by ICE, and has been in custody since that date. ICE charges that petitioner is subject to removal from the United States because his sexual abuse conviction is an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(A).

On October 17, 2013, the immigration judge denied petitioner's motion for bond on the grounds that he is subject to mandatory detention under 8 U.S.C. § 1226(c). He did not appeal the denial of bond. He asserts that he should not be required to exhaust his administrative remedies before seeking relief under § 2241, because such an appeal would be futile given previous rulings of the Board of Immigration Appeals (BIA). Petitioner argues that the mandatory detention rule in 8 U.S.C. § 1226(c) does not apply to him because of the twelve-year delay in detaining him following his release from custody. He further asserts that the denial of an individualized bond determination violates his right to due process.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondents shall answer or otherwise plead within thirty days of the date this order is entered (on or before **February 24, 2014**).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.

**IT IS FURTHER ORDERED** that, because of the press of the Immigration Court proceedings, petitioner shall file his reply, if any, on or before **March 11, 2014.**

The parties are **ADVISED** that, because time is of the essence in this action, extensions of prescribed deadlines will only be granted in exceptional circumstances.

As to the federal officials named as respondents, **JEH JOHNSON, JOHN SANDWEG, RICARDO A. WONG,** and **ERIC HOLDER, JR.,** pursuant to Federal Rules of Civil Procedure 4(i)(1) and (2), the Clerk of Court is **DIRECTED** to: (1) deliver to the United States Attorney for the Southern District of Illinois, or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois, copies of the

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. See SDIL-EFR 3.

summonses and the petition, along with a copy of this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., copies of the summonses, the petition, and this Memorandum and Order; and (3) send a copy of the summons and the petition, along with a copy of this Memorandum and Order by registered or certified mail to each of the named federal respondents.

As to respondent **DAMON ACUFF**, the Clerk shall deliver or send by registered or certified mail a copy of the summons, the petition, and this Memorandum and Order, to Damon Acuff, Administrator, Tri-County Justice & Detention Center, 1026 Shawnee College Road, Ullin, Illinois 62992.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

Signed this 23rd day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.23 16:45:11 -06'00'

**Chief Judge**
**U.S. District Court**